UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHERI M. GAULT,               )<br>      Plaintiff,          )<br>                               )<br>v.                                        )<br>                               )<br>MICHAEL J. ASTRUE,           )<br>COMMISSIONER OF SOCIAL SECURITY,  )<br>      Defendant.          ) | No. 3:12-CV-56<br>(Phillips/Shirley) |

## MEMORANDUM OPINION

This social security appeal is before the court for consideration of the plaintiff's objections [Doc. 20] to the report and recommendation filed by United States Magistrate Judge C. Clifford Shirley [Doc. 19]. Magistrate Judge Shirley found the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment be denied and that defendant Commissioner's motion for summary judgment be granted.

Plaintiff made her application for disability insurance benefits alleging disability beginning May 1, 1982. The claim was denied by the administrative law judge (ALJ) on July 31, 2009. The Appeals Council vacated and remanded the case to the ALJ. The ALJ held a second hearing on August 31, 2010, and on September 24, 2010, found that plaintiff was not disabled. The Appeals Council denied the plaintiff's request for

review. Plaintiff sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., this court has now undertaken a *de novo* review of those portions of the report and recommendation to which plaintiff objects. For the reasons that follow, the objections will be overruled.

Plaintiff objects to the R&R's conclusion that the Commissioner's decision accommodates the findings of Tracy Allred, Ed.D., psychological examiner. The AlJ noted that plaintiff saw Dr. Allred for a consultative exam. Dr. Allred found that plaintiff had logical thought processes and was fully alert with orientation to time, place and person. She opined that plaintiff had low average range intelligence, but her judgment was good. Plaintiff reported to Dr. Allred that she was able to perform many tasks around the house without the help of others, such as cooking, grocery shopping, laundry, driving, housecleaning, paying bills, and balancing the checkbook. However, plaintiff reported having a difficult time relating to other people. Dr. Allred diagnosed plaintiff with major depressive disorder, recurrent and severe with psychotic features, anxiety disorder, and provisional post-traumatic stress disorder. Dr. Allred further opined that plaintiff's ability to understand and remember is moderately limited; ability to sustain concentration and persistence is significantly limited; social interaction is significantly limited; and ability to adapt and tolerate stresses associated with day-to-day activities is significantly limited. The ALJ incorporated Dr. Allred's findings in her assessment that plaintiff retained the residual functional capacity to perform medium work:

> [The Plaintiff] requires work where she does not deal with (in
> other words, where she has no interaction with) the public on
> a regular basis, and where she basically deals with as few
> people as possible; that is low stress, and is fairly repetitive,
> not requiring a great deal of concentration.

Based on the record, the court agrees with the Commissioner and the Magistrate Judge that the ALJ incorporated Dr. Allred's assessment in determining whether plaintiff retained the residual functional capacity to perform work. Accordingly, plaintiff's objection is overruled.

Next, plaintiff objects to the R&R's conclusion that substantial evidence supports the Commissioner's finding that plaintiff is not disabled.

Dr. Alex Alexander, who is plaintiff's treating physician, concluded that plaintiff was unable to work. However, a treating physician's opinion cannot be given controlling weight unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the case record. *See* 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2). The ALJ explained that he would not give controlling weight to Dr. Alexander's opinion because it was inconsistent with his clinical examinations and conservative treatment of plaintiff. Dr. Alexander's clinical notes did not reveal any significant signs of mental stress or severe deficit of judgment, insight, memory or concentration. Further, Dr. Alexander treated plaintiff's mental health issues conservatively with mild psychotropic medications. The ALJ

further noted that Dr. Alexander's conclusory opinion that plaintiff was disabled was inconsistent with plaintiff's reported daily activities:

> The [plaintiff's] reported daily and social activities are not suggestive of a totally disabled individual. In March and December 2006, and in April 2008, the [plaintiff] reported that she performed household chores such as vacuuming, dusting, washing dishes, and doing laundry. She also reported that she cooked, cared for her young son, cared for her pets, shopped, managed finances, watched television programs, and used her computer. . . . In April 2006, the [plaintiff] reported to the psychological consultative examiner that she cooked, cleaned her home, drove, shopped for groceries, did laundry, used her computer, and managed her finances . . . . At the hearing, the [plaintiff] testified that she cares for her son, visits her friend, and has household chores. She also testified that she enjoys reading and doing arts and crafts. She requires no assistance in caring for her six-year old son.

The court agrees that Dr. Alexander's opinion that plaintiff is unable to work is not supported by his medical reports and the plaintiff's stated activities of daily living. Therefore, the court finds that the ALJ properly discounted his opinion of disability.

The court also finds that the ALJ properly discounted the opinion of Lynn White, L.C.S.W., who saw plaintiff over the course of a year at Ridgeview Psychiatric Hospital. On October 15, 2007, White conducted a clinically related group assessment. White noted "marked" limitations in activities of daily living, interpersonal functioning and adapting to change. She noted that plaintiff has an explosive temper, avoids public places, and has poor coping skills. She further noted that plaintiff has "moderate" limitations in concentration, task performance, and pace.

-4-

The ALJ noted that a social worker is not a medical source entitled to special weight; however, he considered White's opinion and found it unsupported by the medical record of conservative treatment and the plaintiff's own reported daily activities which failed to exhibit any "marked" impairments in her daily and social activities. The court agrees that White's opinion is entitled to little weight in determining whether plaintiff is disabled.

The ALJ is charged by the regulations with the responsibility for assessing and determining a claimant's residual functional capacity (RFC) at the hearing level. 20 C.F.R. § 416.946. The ALJ's function is to determine what medical restrictions plaintiff is under, and how such restrictions affect plaintiff's RFC. *Maziars v. Secretary of Health and Human Services,* 837 F.2d 240, 247 (6th Cir. 1987). The ALJ is not bound by any physician's assessment and may reject unsupported opinions. *See Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988). The weight to be given any physician's opinion depends on the extent to which it is supported by medical data and other evidence of record. 20 C.F.R. § 416.927(d)(3). Here, the court finds that the ALJ properly considered the evidence in the record and gave reasons for his assessment of the evidence, and his finding that plaintiff is not disabled.

Plaintiff has the burden of proving her entitlement to benefits. *Boyes v. Secretary of Health and Human Services*, 46 F.3d 510, 512 (6th Cir. 1994) (*citing Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)). Based on the record before the court, plaintiff has not met her burden.

Finding no error in the report and recommendation, the court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant Commissioner's motion for summary judgment; and dismiss this case.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge